ORIGINAL



FILED

11/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0346

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0346

MATTHEW RYAN AILER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondents and Appellees.

ORDER

FILED

NOV 2 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

On October 24, 2023, we issued an opinion in the above-entitled action, affirming the District Court's dismissal of Ailer's Petition for Postconviction Relief as moot due to the dismissal of his underlying conviction with prejudice. *Ailer v. State*, 2023 MT 198N. After we issued our opinion, Ailer filed several motions:

(1) Appellant's Opposed Motion to Transfer Transcripts;

(2) Appellant's Opposed Motion for the Court to take Judicial Notice Pursuant to Mont. R. Evid. 201 and 202; and

(3) Appellant's Opposed Motion for Extension of Time to File Petition for Rehearing and Appellant's Opposed Motion to File an Overlength Petition for Rehearing.

In his various motions Ailer argues that trial transcripts are "necessary because the Court will need to review the transcripts in order to resolve the Appellant's issues." Ailer requests we take judicial notice of evidence he deems "exculpatory." Ailer argues extensions to his deadline and word limit are "essential to fully develop the issues and provide the Court with the material facts and legal arguments to decide the Petition."

Subsequent to his various motions, Ailer later filed a timely and compliant Petition for Rehearing.

There is no longer a conviction from which Ailer can seek relief. Therefore, the matters Ailer seeks to have this Court consider pursuant to his post-Opinion motions have no bearing on our disposition in *Ailer v. State*, 2023 MT 198N. Accordingly,

IT IS ORDERED that Appellant's Opposed Motion to Transfer Transcripts, and Appellant's Opposed Motion for the Court to take Judicial Notice Pursuant to Mont. R. Evid. 201 and 202 are DENIED.

After reviewing Ailer's legal arguments in his Petition for Rehearing and other pleadings, which simply re-argue issues fully briefed prior to our decision and seek to impeach trial witnesses, we find no good cause to grant his requested extension of time and to file an overlength petition. Accordingly,

IT IS ORDERED that Appellant's Opposed Motion for Extension of Time File Petition for Rehearing and Appellant's Opposed Motion to File an Overlength Petition for Rehearing is DENIED.

As to Ailer's Petition for Rehearing, M. R. App. P. 20(1)(a) provides that a petition for rehearing will be considered only when the Court "overlooked some fact material to the decision," when "it overlooked some question presented by counsel that would have proven decisive to the case," or when "its decision conflicts with a statute or controlling decision not addressed" by the Court. Having fully considered Ailer's petition, we conclude that rehearing is not warranted under the standards of M. R. App. P. 20(1)(a).

Accordingly,

IT IS ORDERED that the petition for rehearing is DENIED.

The Clerk of Court is directed to mail copies of this Order to Matthew Ryan Ailer and all counsel of record.

DATED this 28 day of November, 2023.

2

_____

_____

_____

_____
Justices

3